RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 11/4/09
BY ___

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KOYNE D. SMITH | CIVIL ACTION NO. 09-CV-0017 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CVS PHARMACY, INC. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 9] and a Motion in Limine to Exclude Plaintiff's Witness for Failure to Comply with the Court's Scheduling Order ("Motion in Limine") [Doc. No. 29] filed by Defendant CVS Pharmacy, Inc. ("CVS") against Plaintiff Koyne D. Smith ("Smith"). For the following reasons, CVS's Motion for Summary Judgment and Motion in Limine are DENIED.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2008, Smith filed a Petition for Damages [Doc. No. 1, Exhibit A] in the 4th Judicial District Court, Ouachita Parish, Louisiana, alleging CVS pharmacists negligently filled her prescriptions for multiple diuretics, causing harmful drug interactions that resulted in her complete renal failure. On January 7, 2009, CVS removed to this Court.

On July 30, 2009, CVS filed a Motion for Summary Judgment alleging that Smith had not offered any evidence supporting her case and could not establish the applicable standard of care or breach of duty. Smith filed an opposition to the Motion for Summary Judgment [Doc. No. 23], and introduced the affidavit of Evelyn Perridon, R.Ph ("Perridon"). CVS was granted leave to file a reply [Doc. No. 28], in which it argued that Perridon's affidavit should not be considered because all applicable discovery deadlines had passed. On October 23, 2009, CVS also filed a Motion in

Limine to exclude Perridon's testimony based on Smith's failure to comply with the Court's scheduling order.

II.     **EXCLUSION OF PERRIDON'S TESTIMONY**

In both its Motion in Limine and reply memorandum, CVS argues that the Court should exclude Perridon's testimony and affidavit, because Smith did not comply with the discovery deadlines in the March 31, 2009 Rule 26(f) Report [Doc. No. 6] and the April 8, 2009 Scheduling Order [Doc. No. 8].

CVS alleges Smith failed to comply with the March 31, 2009 deadline to make initial disclosures; the May 29, 2009 deadline to deliver her witness list; the June 19, 2009 deadline for identification of experts; the June 30, 2009 deadline for delivery of expert reports; the July 30, 2009 deadline for completion of discovery; and the October 9, 2009 deadline to serve CVS with a proposed pretrial order. CVS alleges that, prior to Smith's September 18, 2009, submission of the Perridon affidavit with her opposition to summary judgment, Smith had not provided CVS with any evidence to support her allegations.[1]

If the Court excludes Perridon as a witness, it will be forced to grant CVS's Motion for Summary Judgment because Smith has offered no other evidence to support her case. In effect, the Court would dismiss Smith's case for failure to comply with discovery orders. Under FED. R. CIV. P. 37(b)(2)(A)(i)-(vi), the Court has the power to impose a variety of sanctions for failure to comply with discovery orders,[2] even dismissal or entry of default judgment. Rule 37(c)(1) gives even more

---

[1] CVS alleges that it, on the other hand, has complied with these deadlines [Doc. No. 28, footnote 2].

[2] These include (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the

2

options when a party fails to timely provide information or identify a witness, stating that in such cases:

> the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure, (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Rule 37 is flexible, and the Court has broad discretion to use as many and varied sanctions as necessary to balance out prejudice to the parties. *Guidry v. Continental Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981). Extreme sanctions such as dismissal or default judgment, however, are remedies of last resort, and the Court may apply them only in extreme circumstances where failure to comply with the Court's order results from wilfulness or bad faith. *National Hockey League v. Metropolitan Hockey Club*, Inc., 427 U.S. 639, 640; *Butler v. Cloud*, 104 Fed. Appx. 373, 374 (5th Cir. 2004); *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514-15 (5th Cir. 1985). Further, such sanctions are proper only where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions, and they may be inappropriate in cases where neglect is attributable to an attorney rather than a client, or is due to confusion or misunderstanding. *Butler*, 104 Fed. Appx. at 374; *Batson*, 765 F.2d at 514.

In this case, there is no evidence that Smith herself caused her attorney to miss the Court's deadlines. Although Smith's Counsel's total neglect of the Court's discovery deadlines in this case

---

disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

is of great concern, at this time the Court will not impose on Smith the extreme sanction of excluding Perridon's testimony and granting summary judgment for CVS. To remedy the prejudice Smith's Counsel's neglect has inflicted upon CVS, the Court hereby CONTINUES trial in this matter, and instructs the Clerk of Court to issue a new scheduling order.[3] This should allow CVS time to depose Perridon and file another motion for summary judgment, if appropriate, after discovery is complete.

In accordance with FED. R. CIV. P. 37, Smith's Counsel, Sir Clyde Lain, II, is ORDERED to pay the reasonable attorney's fees and costs incurred by CVS in filing the instant Motion for Summary Judgment, as a sanction for his failure to comply with Court deadlines. Within 15 days of this Ruling and Order, Counsel for CVS shall submit a memorandum establishing by affidavit or other appropriate documentation the amount of attorney's fees and costs incurred in filing this motion. Mr. Lain shall have 10 days from the date Counsel for CVS submits this memorandum to file any objections. The Court will determine an appropriate award.

The Court now turns to CVS's Motion for Summary Judgment.

### III. SUMMARY JUDGMENT

CVS filed for summary judgment on the basis that Smith cannot establish the applicable duty or breach in her suit. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of identifying portions of the record which highlight the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

The nonmovant then must point to or produce specific facts demonstrating that there is a

---

[3] Counsel for Smith is warned to comply with all future Court deadlines.

genuine issue of material fact. *Id.* All facts and inferences are construed in the light most favorable to the nonmovant. *E.E.O.C. v. Chevron Phillips Chemical Co., LP*, 570 F.3d 606, 616 (5th Cir. 2009). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

In her petition, Smith alleges that the CVS pharmacists had a duty to consult with the prescribing physician upon receiving the second and third prescriptions for diuretics and a duty to warn Smith of the risk associated with taking the drugs [Doc. No 1, Exhibit 1, ¶ 8]. Generally, pharmacists in Louisiana do not have a duty to warn of a prescription drug's potential adverse effects because the learned intermediary doctrine applies to place that burden upon the prescribing physician. *Kinney v. Hutchinson*, 449 So.2d 696, 698 (La. App. 5 Cir. 1984). Pharmacists also do not have a duty "to question a judgment made by the physician as to the propriety of a prescription . . . ." *Guillory v. Dr. X*, 96-85, p.10 (La. App. 3 Cir. 8/28/96); 679 So.2d 1004, 1010 (citing *Gassen v. East Jefferson General Hosp.*, 93-CA-541 (La. App. 5 Cir. 12/15/93), 628 So.2d 256, 259). Pharmacists do have a duty, however, to fill prescriptions correctly and "to warn the patient or to notify the prescribing physician of an excessive dosage or of obvious inadequacies on the face of the prescription which create a substantial risk of harm to the patient." *Id*; *Gassen*, 628 So.2d at 259 ("a pharmacist has a limited duty to inquire or verify from the prescribing physician clear errors or mistakes in the prescription").

CVS argues that there is no genuine dispute in this case because Smith offered no expert testimony establishing that the CVS pharmacists breached the standard of care. This argument fails

because CVS has offered no evidence that its pharmacists attempted to warn Smith or contact her prescribing physician, so the *breach* of the standard of care is not at issue. Taking the facts as alleged by Smith, if the CVS pharmacists did have a duty to warn or contact the prescribing physician, they clearly breached the duty and no expert testimony is necessary to establish this point.

CVS also argues that under Louisiana law the learned intermediary doctrine applies to place the burden to warn on the prescribing physician, so pharmacists have no duty to warn of potential side effects or to contact prescribing physicians. The learned intermediary doctrine does not apply to absolve pharmacists of all duties to patients, though, particularly where the prescription is facially incorrect or inadequate and creates a substantial risk of harm to the patient. Whether the duplicative nature of the prescriptions made them facially incorrect or inadequate and created a substantial risk of harm to Smith, triggering the duty to warn or contact the prescribing physician, is an issue of material fact.

In its Motion for Summary Judgment, CVS argued that it should be granted summary judgment because Smith had offered no evidence to support her allegation that the CVS pharmacists had a duty to warn Smith or to contact her prescribing physician in this case. In response, Smith submitted Perridon's affidavit. Perridon avers that a reasonable pharmacist would view the duplicative prescriptions as a facial problem requiring him to contact the prescribing physician to verify the prescription. Perridon also avers that the CVS pharmacies use a system called "RX 2000" that notifies pharmacists of duplicate drug therapies. She avers that upon beginning to fill Smith's duplicative prescriptions, RX 2000 would have caused a warning to flash onto the pharmacist's computer screen, requiring the pharmacist to manually override it by verifying that he had reviewed the medications, consulted with the prescribing physician, and counseled the patient regarding the

risk involved.

Through Perridon's affidavit, Smith offers evidence not only that reasonable pharmacists would warn the patient and contact the prescribing physician when confronted with duplicative prescriptions, but also that CVS's own system and policies require its pharmacists to take these steps in such circumstances.[4] This evidence creates genuine issues of material fact regarding whether the duplicative prescriptions triggered were facially incorrect or inadequate and created a substantial risk of harm to Smith, triggering the CVS pharmacists' duty to warn her of the risk or contact her prescribing physician to verify the prescription.

Accordingly, CVS's Motion for Summary Judgment is DENIED.

## IV. CONCLUSION

For the foregoing reasons, CVS's Motion in Limine [Doc. No. 29] and Motion for Summary Judgment [Doc. No. 9] are DENIED. Trial in this matter is CONTINUED, and the Clerk of Court is instructed to issue a new scheduling order in due course. Smith's Counsel, Sir Clyde Lain, II, is ORDERED to pay the reasonable attorney's fees and costs incurred by CVS in filing the instant Motion for Summary Judgment, as a sanction for his failure to comply with Court deadlines. Within 15 days of this Ruling and Order, Counsel for CVS shall submit a memorandum establishing by affidavit or other appropriate documentation the amount of attorney's fees and costs incurred in filing this motion. Mr. Lain shall have 10 days from the date Counsel for CVS submits this memorandum to file any objections. The Court will determine an appropriate award.

---

[4] Smith also asserts that pharmacists have the right to refuse to fill prescriptions in such circumstances. Negligence theory deals with duties, however, not rights. Whether the pharmacists had a right to refuse to fill the prescription is irrelevant if they did not also have a duty to do so.

MONROE, LOUISIANA, this 3 day of November, 2009.

                                                    ROBERT G. JAMES
                                                    UNITED STATES DISTRICT JUDGE