RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **KOYNE D. SMITH** | **CIVIL ACTION NO. 09-CV-0017** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CVS PHARMACY, INC.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

In this case, Plaintiff Koyne D. Smith ("Smith") claims that CVS pharmacists negligently filled her prescriptions for multiple diuretics, causing harmful drug interactions.

Pending before the Court is Smith's Motion for Reconsideration [Doc. No. 43] of the Court's November 3, 2009 Order [Doc. No. 32] sanctioning Smith's Counsel, Sir Clyde Lain, II. For the following reasons, Smith's Motion for Reconsideration is DENIED.

In its November 3, 2004 Order, the Court sanctioned Mr. Lain for his failure to comply with the deadlines contained in the Court's Rule 26(f) Report [Doc. No. 6] and Scheduling Order [Doc. No. 8]. Smith had failed to comply with the March 31, 2009 deadline to make initial disclosures; the May 29, 2009 deadline to deliver her witness list; the June 19, 2009 deadline for identification of experts; the June 30, 2009 deadline for delivery of expert reports; the July 30, 2009 deadline for completion of discovery; and the October 9, 2009 deadline to serve Defendant CVS Pharmacy, Inc. ("CVS") with a proposed pretrial order.

After all the discovery deadlines had passed, CVS filed a Motion for Summary Judgment [Doc. No. 9] based on Smith's lack of evidence supporting her claims. After requesting and receiving two extensions of time to file her response, Smith filed an Opposition to Summary Judgment [Doc. No. 23], in which she identified an expert for the first time and offered the expert's

affidavit in support of her Opposition.

In ruling on CVS's Motion for Summary Judgment, the Court chose not to exclude Smith's expert's testimony and grant summary judgment for CVS because the fault for the missed deadlines appeared to lie with Mr. Lain, not Smith herself. This decision prejudiced CVS, however, as CVS had expended resources in filing the Motion for Summary Judgment, which would not have been filed if Smith had provided the discovery required by the Federal Rules of Civil Procedure and the Court's Scheduling Order. Smith's late disclosure of her expert also left CVS little time to depose the expert or respond to the expert's statements prior to the impending trial. To remedy this prejudice, the Court continued the trial and ordered Mr. Lain to pay reasonable attorney's fees and costs incurred by CVS in filing the Motion for Summary Judgment.

As required by the Court in its November 3, 2009 Order, counsel for CVS filed a memorandum on November 12, 3009, establishing by affidavit [Doc. No. 35] the amount of attorney's fees and costs incurred in filing the Motion for Summary Judgment, which totaled $1,802.50. Mr. Lain had 10 days from the date CVS submitted this memorandum to file any objections to CVS's calculations, but did not do so.

Mr. Lain filed the instant Motion for Reconsideration on November 22, 2009.[1] In it, Mr. Lain summarily states that CVS did not suffer any prejudice, but does not explain why he disagrees with the Court on this issue. Mr. Lain also attached his affidavit to the Motion for Reconsideration [Doc. No. 43-1], explaining that he failed to observe the Court's deadlines because he hoped to obtain a stay of this case until the Medical Review Panel issued a ruling in connection with Smith's

---

[1] The Motion for Reconsideration considered here was styled by Mr. Lain as "Plaintiff's Objections to the Court's Ruling Signed November 3, 2009."

malpractice claim against her treating physician.[2]

However, Mr. Lain did not file a Motion to Stay [Doc. No. 40] until November 22, 2009, the same day he filed this Motion for Reconsideration. Regardless whether the pendency of the Medical Review Panel's proceeding warrants a stay of this case, the Motion to Stay is too late to prevent the harm Mr. Lain's neglect has inflicted upon CVS. CVS complied with the Court's deadlines, but Smith did not designate an expert and provide the expert's report until after CVS had filed a Motion for Summary Judgment based on lack of evidence against it. Mr. Lain has offered no reason he could not have filed the Motion to Stay prior to the expiration of the deadlines. Also, Mr. Lain has offered no reason why he failed to provide the expert's affidavit to CVS prior to the deadlines. He merely informs the Court, for the first time, that he has been waiting for the Medical Review Panel's ruling before moving forward with this case. This does not excuse Mr. Lain's negligence.

Accordingly, Smith's Motion for Reconsideration [Doc. No. 43] is DENIED. Further, as Mr. Lain has filed no objections to CVS's affidavit establishing the amount of attorney's fees and costs it is due, and because the Court determines the amount is reasonable, Mr. Lain is ORDERED to pay CVS sanctions in the amount of $1,802.50, within 15 days of the entry of this Order.

MONROE, LOUISIANA, this 28 day of December, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Smith's malpractice claim is not before this Court.